<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| 2109971 ONTARIO INC. d/b/a XCELLA FURNITURE,<br><br>              Plaintiff,<br><br>           v.<br><br>BEST DEALS DISCOUNT FURNITURE LLC, *et al.*,<br><br>              Defendants. | Case No. 2:22-cv-03557 (BRM)(JSA)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Plaintiff 2109971 Ontario Inc., d/b/a/ Xcella Furniture's ("Plaintiff") Motion to Dismiss Defendants' Counterclaim III and Motion to Strike twenty-nine[1] of Defendants' forty affirmative defenses. (ECF No. 17.) Defendants Best Deals Discount Furniture, LLC, and Ahmad Kayali (collectively, "Defendants") filed an opposition to Plaintiff's motion (ECF No. 25), and Plaintiff filed a reply (ECF No. 28). Having reviewed the parties' submissions filed in connection with the Motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78, and for good cause shown, Plaintiff's Motion (ECF No. 17) is **GRANTED**.

**I.  BACKGROUND**

This motion stems from Plaintiff's allegations of willful infringement of a single design patent, U.S. Design Patent No. D909,088 ("the '088 Patent"), based upon Defendants' use,

---

[1] Plaintiff's notice of motion indicates Plaintiff is moving for an order "strik[ing] twenty-eight of Defendants' forty 'Affirmative Defenses,'" but, in reviewing the motion, Plaintiff also seeks to strike Defendants' "Incorporation of All Other Affirmative Defense," totaling twenty-nine affirmative defenses at issue.

1

offering for sale, and importation of certain articles of furniture. (*See* ECF No. 17 at 1.) A summary of the facts relevant to this motion is set forth below.

On June 7, 2022, Plaintiff filed a Complaint against Defendants Best Deals Discount Furniture, LLC, Ahmad Kayali, Robert Beitscher, Mindy Hirschtritt, Jonathan Kaplan, Mark Goldstein, Elliot Fern, Alex Dolgin, and Eugene Frayberg, alleging infringement of United States Design Patent No. D909,088. (*See* Compl. (ECF No. 1) at 1.) On July 18, 2022, an Order was entered by Judge John Michael Vazquez voluntarily dismissing, without prejudice, Defendants Robert Beitscher, Mindy Hirschtritt, Jonathan Kaplan, Mark Goldstein, Elliot Fern, Alex Dolgin, and Eugene Frayberg. (ECF No. 10.) On August 15, 2022, this case was reassigned to Judge Brian R. Martinotti for all further proceedings. (ECF No. 14.) On September 1, 2022, Defendants Best Deals Discount Furniture, LLC, and Ahmad Kayali filed an Answer with Counterclaims, in which Defendants asserted forty affirmative defenses and three counterclaims. (ECF No. 15.). Counterclaim III, the subject of Plaintiff's Motion to Dismiss, alleges the '088 Patent is unenforceable due to inequitable conduct and seeks a declaratory judgment to that effect. (*Id.* at 20–21.) Defendants' forty affirmative defenses, twenty-nine of which Plaintiff seeks to strike, range in subject matter from the Statute of Frauds to res judicata. (*Id.* at 8–14.)

On September 21, 2022, Plaintiff filed a Motion to Dismiss Counterclaim III and Motion to Strike Twenty-Nine of Defendants' Forty Affirmative Defenses. (ECF No. 17.) On October 25, 2022, Defendants filed an opposition to Plaintiff's motion (ECF No. 25), and on November 4, 2022, Plaintiff filed a reply (ECF No. 28). This Court begins by addressing Plaintiff's Motion to Dismiss Counterclaim III and concludes with Plaintiff's Motion to Strike.

## II.    PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM III

### A. Legal Standard

In ruling on a motion to dismiss a counterclaim, "[c]ourts use the same standard" under "Federal Rule of Civil Procedure 12(b)(6) as they do for a motion to dismiss a complaint." *RBC Bank (USA) v. Petrozzini*, Civ. A. No. 12-155, 2012 WL 1965370, at *2 (D.N.J. 2012); *see also County of Hudson v. Janiszewski*, 351 F. App'x 662, 667–68 (3d Cir. 2009). To withstand a Rule 12(b)(6) motion to dismiss, a "counterclaim must contain enough facts to state a claim to relief that is plausible on its face." *Becton, Dickinson & Company, et al. v. Medline Industries*, 2022 WL 17687047, at *3 (D.N.J. Dec. 5, 2022) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotations omitted). A "counterclaim has such plausibility when the defendant pleads factual content that allows the court to draw the reasonable inference that the plaintiff is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a plaintiff has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016).

In evaluating the sufficiency of a counterclaim, district courts must separate the factual and legal elements. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009). A court "must accept all of the [counterclaim's] well-pleaded facts as true" and give a defendant the benefit of all reasonable inferences flowing therefrom. *Id.* at 210. A court, however, does not credit labels, conclusions, or a formulaic recitation of the elements of a cause of action. *See Twombly*, 550 U.S. at 555. Furthermore, while pleading standards in patent cases generally apply the law of the applicable circuit, courts apply the law of the Federal Circuit in assessing whether a claim of inequitable conduct has been properly pled under Federal Rules of Civil Procedure. *See Exergen*

*Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1326–27 (Fed. Cir. 2009); *see also Novartis Pharmaceuticals Corp. v. Roxane Laboratories, Inc.*, 2011 WL 1322271, at *7 (D.N.J. Mar. 31, 2011).

As a preliminary matter, the parties disagree over the appropriate pleading standard required to adequately state a claim of inequitable conduct. While both parties agree that Defendants' inequitable conduct counterclaim originates in fraud and therefore implicates Federal Rule of Civil Procedure 9(b), Defendants contend they "need only, at this early pleading stage . . . allege that there has been relevant prior art and acts sufficient to allege fraud." (ECF No. 25 at 6.) Plaintiff, by contrast, claims that "in pleading inequitable conduct in patent cases, Rule 9(b) requires identification of the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO." (ECF No. 28 at 2.) Plaintiff further claims Defendants have ignored controlling Federal Circuit precedent, relying on outdated district court cases "involving a standard disposed of by *Exergen* and *Therasense*." (*Id.*) A review of Defendants' cited authorities and current case law, both from the Federal Circuit and elsewhere, demonstrates the validity and merit of Plaintiff's position.

Indeed, the authorities cited by Defendants in support of their proposed pleading standard for inequitable conduct suffer from several deficiencies. First and foremost, Defendants cite exclusively to persuasive authorities from the District of Delaware. (*See* ECF No. 25 at 6 (citing *Cordance Corp. v. Amazon.com, Inc.*, 255 F.R.D. 366, 371–72 (D. Del. 2009); *France Telecom, S.A. v. Novell, Inc.*, 2002 WL 31355255, at *3 (D. Del. Oct. 17, 2002); *EMC Corp. v. Storage Tech. Corp.*, 921 F. Supp. 1261, 1263 (D. Del. 1996)).) While informative, these authorities are not controlling upon this Court. Second, to the extent this Court might have credited Defendants' cited authorities, those cases predate *Exergen* and therefore have no persuasive effect. Lastly, and

4

perhaps most detrimental to Defendants' position, the District of New Jersey has itself recognized that "[t]he standard for pleading inequitable conduct . . . is set forth in *Exergen*." *Eagle View Techs., Inc. v. Xactware Sols., Inc.*, 325 F.R.D. 90, 94 (D.N.J. 2018).

This Court, therefore, recognizes Plaintiff's position and applies *Exergen*'s pleading standard for inequitable conduct to Defendants' Counterclaim III. In *Exergen*, the Federal Circuit recognized that "inequitable conduct, while a broader concept than fraud, must be pled with particularity under Rule 9(b)." *Exergen*, 575 F.3d at 1326; *see also Eagle View Techs., Inc.*, 325 F.R.D. at 93. A pleading that "simply avers the substantive elements of inequitable conduct, without setting forth the particularized factual bases for the allegation, does not satisfy Rule 9(b)." *Id.* at 1326–27. In sum, "to plead the circumstances of inequitable conduct with the requisite particularity under Rule 9(b), the pleading must identify the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO." *Exergen*, 575 F.3d at 1328. The "who" must be "pled with the name of the person who withheld or misrepresented the information." *Eagle View Techs., Inc. v. Xactware Sols., Inc.*, 325 F.R.D. 90, 94 (D.N.J. 2018). The "what" and "where" must be pled "by identifying the germane claims and claim terms, their connection to the withheld or false information, and what segments of the information are relevant." *Id.* The "why" must be pled "by explaining why the information is material;" and the "how" must be pled by showing how the information is relevant to a PTO examiner's assessment of patentability of the claims." *Id.* (citing *Exergen*, 575 F.3d at 1327). A factual deficiency with respect to any one of the required "who, what, where, how, and why elements is fatal under Rule 9(b)." *Eagle View Techs., Inc.*, 325 F.R.D. at 94; *see also Exergen*, 575 F.3d at 1330.

5

### B. Decision

Here, this Court need go no further than the required "why" element. Indeed, even a generous reading of Defendants' Counterclaim III reveals only simple conclusory statements, which are themselves insufficient. *See McCargo v. Hall*, Civ. A. No. 11-533, 2011 WL 6725613, at *1 (D.N.J. 2011) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429 (3d Cir. 1997)) ("Courts are not required to credit bald assertions or legal conclusions draped in the guise of factual allegations."); *see also Iqbal*, 556 U.S. at 678 (concluding that a pleading that merely offers a "formulaic recitation of the elements of a cause of action will not do"). As noted above, the required "why" element is pled by "explaining why the information is material." *Eagle View Techs., Inc. v. Xactware Sols., Inc.*, 325 F.R.D. 90, 94 (D.N.J. 2018). Aside from stating that the information was "material" because it related to "patentability," which itself seems apparent in a patent infringement suit, Defendants make no additional attempts to elaborate or explain. (*See* ECF No. 15 at 21 (noting only that certain information was "material information related to patentability").) Additionally, Defendants allege that "Counterclaim-Defendant and Michael J. Brown, Esq., engaged in material misconduct" and "made affirmative misrepresentations of material fact." (ECF No. 15 at 20.) Yet, absent these superficial legal conclusions, Defendants neither explain nor provide any additional facts as to what affirmative misrepresentations were made by either Plaintiff or Michael J. Brown and why the misconduct or facts were material. (*Id.* at 20–21.) Moreover, Defendants allege that "Counterclaim-Defendant and Michael J. Brown Esq. breached their duty of candor and good faith before the USPTO." (*Id.* at 20.) Yet again, Defendants allege no additional facts as to how Plaintiff and Michael J. Brown breached their duty of candor and good faith before the USPTO. (*Id.* at 20–21) On this basis alone, this Court finds Defendants' Counterclaim III inadequate, with the required "why" element amounting to nothing more than

simplistic legal conclusions, formulaic recitations, and bald assertions insufficient to adequately plead a claim of inequitable conduct. *See Iqbal*, 556 U.S. at 678; *McCargo*, 2011 WL 6725613, at *1; *see also Exergen*, 575 F.3d at 1330; *Eagle View Techs., Inc.*, 325 F.R.D. at 94 (concluding that a factual deficiency with respect to any one of the required who, what, where, how, and why elements is fatal under Rule 9(b)).

Absent additional explanation or facts as to "why" the information, which itself is not identified with any precision, is material, this Court finds such allegations clearly insufficient under *Exergen* and will not credit Defendants with merely reciting legal conclusions. As such, Plaintiff's Motion to Dismiss is **GRANTED**. Defendants' Counterclaim III is **DISMISSED without prejudice.**

### III. PLAINTIFF'S MOTION TO STRIKE CERTAIN OF DEFENDANTS' COUNTERCLAIMS

#### A. Legal Standard

Motions to strike affirmative defenses are governed by Federal Rule of Civil Procedure 12(f). The rule provides that this Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). In doing so, this Court may act on its own or "on motion made by a party either before responding to the pleading or . . . within 21 days after being served with the pleading." *Id.* An affirmative defense is legally insufficient if "it is not recognized as a defense to the cause of action." *Tonka Corp. v. Rose Art Indus., Inc.*, 836 F. Supp. 200, 217 (D.N.J. 2003). "An affirmative defense can be stricken only if the defense asserted could not possibly prevent recovery under any pleaded or inferable set of facts." *Eagle View Techs., Inc. v. Xactware Sols., Inc.*, 325 F.R.D. 90, 95 (D.N.J. 2018).

While the decision to strike a defense is left to this Court's discretion, Rule 12(f) motions are not favored. *See Eagle View Techs.*, 325 F.R.D. at 95 (holding that motions to strike are "highly

disfavored"); *see also Martin v. Hudson Farm Club, Inc.*, 2019 WL 3759539, at *2 (D.N.J. 2019). They should generally be denied "unless the allegations [or defenses] have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations [or defenses] confuse the issues." *Tonka Corp.*, 836 F. Supp. at 217. Furthermore, the Third Circuit has cautioned that courts "should not grant a motion to strike a defense unless the insufficiency of the defense is clearly apparent." *Cipollone v. Liggett Grp., Inc.*, 789 F.2d 181, 188 (3d Cir. 1986). In this regard, it is well-established that a motion under Rule 12(f) must be decided on the basis of the pleadings alone. *See Tonka Corp.*, 836 F. Supp. at 218. Litigants may not use Rule 12(f) motions to challenge the sufficiency of a defense based on the factual record or to determine disputed questions of law. *Tonka Corp.*, 836 F. Supp. at 218.

Additionally, Federal Rule of Civil Procedure 8 requires that in responding to a pleading, a party raising an affirmative defense must "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1)(A). While the Third Circuit does not require specificity in pleading affirmative defenses, *see Newborn Bros. v. Albion Eng'g Co.*, 299 F.R.D. 90, 97 (D.N.J. 2014) (collecting cases), an affirmative defense must "still provide Plaintiff with fair notice of the grounds for the defense." *Columbia Trading Corp. v. Green Electronics,* 2018 WL 10150930, at *2 (D.N.J. 2018) (quoting *Vazquez v. Triad Media Sols., Inc.*, 2016 WL 6090725, at *3 (D.N.J. 2016)). Fair notice is satisfied if the defense is logically within "the ambit of factual allegations in the litigation, but the pleading must contain more than a mere rote recitation of generally available affirmative defenses." *Sinclair Cattle Co., Inc. v. Ward*, 2015 WL 6125260, at *2 (M.D. Pa. 2015) (quoting *Mifflinburg Tel., Inc. v. Criswell*, 80 F. Supp. 3d 566, 574 (M.D. Pa. 2015).

When an answer "merely lists [] defenses out in rote fashion and do[es] not state in any way why defendants are entitled to them," they are "legally insufficient and may be stricken." *Sutton v. Chanceford Township*, Civ. A. No. 14-1584, 2017 WL 770586, at *3 (M.D. Pa. 2017); *Vazquez v. Triad Media Sols., Inc.*, Civ. A. No. 15-07220, 2016 WL 155044, at *3 (D.N.J. Jan. 13, 2016) (citing *Peoples State Bank of Wyalusing, PA v. Wellsburg Truck Auto Sales, Inc.,* Civ. A. No. 10-433, 2010 WL 4922877, at *3 (M.D. Pa. Nov. 29, 2010)).

Indeed, when a court is "presented with affirmative defenses set forth in a summary manner that are entirely unmoored to the facts of the case, the better course is to strike the affirmative defenses without prejudice to the defendants amending their answer to include citation to any other fact" or "premise from which an inference may arise that the stated defense is logically related to the case in any way." *Sutton*, 2017 WL 770586, at *3 (quoting *Mifflinburg Tel., Inc., v. Criswell*, 80 F. Supp. 3d 566, 574 (M.D. Pa. 2015)).

**B. Decision**

Here, Plaintiff moves to strike the following twenty-nine of Defendants' forty affirmative defenses:

    Third Affirmative Defense: inequitable conduct

    Fourth Affirmative Defense: patent misuse

    Fifth Affirmative Defense: equitable estoppel

    Sixth Affirmative Defense: equitable estoppel

    Seventh Affirmative Defense: damages limited by 35 U.S.C. §§ 286, 287, and/or 288

    Eighth Affirmative Defense: failure to investigate

    Twelfth Affirmative Defense: improper venue

    Thirteenth Affirmative Defense: lack of regular and established place of business

Fifteenth Affirmative Defense: applicable statute of limitations

Seventeenth Affirmative Defense: legitimate business reasons

Eighteenth Affirmative Defense: lack of subject matter jurisdiction

Nineteenth Affirmative Defense: fraud

Twentieth Affirmative Defense: failure to mitigate damages

Twenty-Second Affirmative Defense: damage limitation for later discovered evidence

Twenty-Third Affirmative Defense: assumption of risk

Twenty-Fourth Affirmative Defense: failure to avoid the harm

Twenty-Fifth Affirmative Defense: not liable for acts of Plaintiff's employees/agents

Twenty-Eighth Affirmative Defense: laches

Twenty-Ninth Affirmative Defense: unclean hands

Thirtieth Affirmative Defense: lack of consideration

Thirty-Second Affirmative Defense: statute of frauds

Thirty-Third Affirmative Defense: accord and satisfaction

Thirty-Fourth Affirmative Defense: waiver and license

Thirty-Fifth Affirmative Defense: release and waiver

Thirty-Sixth Affirmative Defense: duress

Thirty-Seventh Affirmative Defense: equitable estoppel

Thirty-Eighth Affirmative Defense: res judicata

Fortieth Affirmative Defense: reservation of rights and affirmative defenses

Incorporation Affirmative Defense: incorporation affirmative defense

(*See generally* ECF No. 17 at 7.)

In this case, upon consideration of Defendants' third, fourth, fifth, seventh, fifteenth, seventeenth, eighteenth, nineteenth, twenty-third, twenty-fourth, twenty-fifth, twenty-eighth, twenty-ninth, thirtieth, thirty-second, thirty-third, thirty-fourth, thirty-fifth, thirty-sixth, thirty-seventh, and thirty-eighth affirmative defenses—which recite in summary fashion defenses based upon inequitable conduct; patent misuse; equitable estoppel; damages limited by statutes; statute of limitations; legitimate business reasons; lack of subject matter jurisdiction; fraud; assumption of risk; failure to avoid the harm; not liable for acts of Plaintiff's employees/agents; latches; unclean hands; lack of consideration; statute of frauds; accord and satisfaction; waiver and license; release and waiver; duress; equitable estoppel; and res judicata—this Court finds that this litany of defenses are "done in rote fashion without any citation to any other fact or premise from which an inference may arise that the stated defense is logically related to the facts in this case." *Sutton*, 2017 WL 770586, at *3. For example, Defendants' Third Affirmative Defense simply states that "Plaintiff's Patent-in-Suit is unenforceable due to inequitable conduct." (ECF No. 15 at 9.) Beyond this conclusory statement, Defendants provide no additional facts or premises from which Plaintiff might infer how the stated defense is logically related to the facts in this case. Indeed, the same can be said for Defendants' Fifteenth and Seventeenth Affirmative Defenses, which state respectively that "Plaintiff's claims fail, in whole or in part, to the extent barred by the applicable statutes of limitations," and that "Defendants have legitimate business reasons for any actions taken with respect to Plaintiff, [which are] not pretextual." (*Id.* at 11.) While this Court need not recite all allegations related to Defendants' affirmative defenses, it is clearly apparent that the enumerated defenses are simply rote recitations devoid of additional facts or premises such that Plaintiff could infer why the stated defenses are logically related to the case. This type of pleading

11

is simply insufficient to provide Plaintiff with the required fair notice. *See Griffin v. Don E. Bower, Inc.*, 2017 WL 4310091, at *3 (M.D. Pa. 2017) (concluding that a "defendant must state some basis for asserting the affirmative defense and may not merely recite all potential affirmative defenses available") (quoting *Alliance Indus. Ltd. v. A-1 Specialized Servs. & Supplies, Inc.*, 2014 WL 4548474, at *2 (E.D. Pa. 2014); *Vazquez v. Third Media Sols., Inc.*, 2016 WL 155044, at *3 (D.N.J. 2016) (striking an affirmative defense where defendant gave "a mere rote recitation of a type of defense without any citation to any other fact or premise from which an inference" could have arisen that the stated defense was logically related to the case in any way); *Mifflinburg Tel., Inc., v. Criswell*, 80 F. Supp. 3d 566, 574 (M.D. Pa. 2015) (striking defendant's affirmative defenses wherein defendant simply listed many of the affirmative defenses in Rule 8(c)(1), along with numerous other defenses unrelated to the litigation) ("[Defendant] did not elaborate on these defenses or in any way indicate how they may be logically related to the claims against her."); *Sinclair Cattle Co., Inc. v. Ward*, 2015 WL 6125260, at *2 (M.D. Pa. 2015) (finding that a pleading must contain more "than a mere rote recitation of generally available affirmative defenses"); *Peoples State Bank of Wyalusing, PA v. Wellsburg Truck Auto Sales, Inc.*, 2010 WL 4922877, at *4 (M.D. Pa. 2010) (holding that an answer which "merely list[s] . . . defenses out in a rote fashion and do[es] not state in any way why defendants are entitled to them" is legally insufficient and may be stricken).

Furthermore, this Court finds Defendants' third, fourth, fifth, seventh, eighth, fifteenth, seventeenth, eighteenth, nineteenth, twentieth, twenty-third, twenty-fourth, twenty-fifth, twenty-eighth, twenty-nineth, thirtieth, thirty-second, thirty-third, thirty-fourth, thirty-fifth, thirty-sixth, thirty-seventh, and thirty-eighth affirmative defenses, enumerated above, to be "nothing more than bare bones conclusory allegations" such that they may be stricken. *F.D.I.C. v. Modular Homes,*

12

*Inc.*, 859 F. Supp. 117, 121 (D.N.J. 1994) (quoting *Heller Financial, Inc. v. Midwhey Powder Co. Inc.*, 883 F.2d 1286, 1295 (7th Cir. 1989)); *see also JP Morgan Chase Bank v. Roggio*, 2023 WL 1456782, at *7–9 (D.N.J. 2023) (striking defendant's affirmative defense where defendant did not assert any facts or evidence to support it, noting "defenses that are mere conclusions should be stricken"). Defendants' Fourth and Nineteenth Affirmative Defenses, for example, state respectively "Plaintiff's Patent-in-Suit is unenforceable due to patent misuse" (ECF No. 15 at 9), and "Plaintiff's Complaint fails as Plaintiff committed a fraud upon Defendants" (ECF No. 15 at 11). These are plainly vague and "conclusory statements devoid of facts or evidence to support what, if any, [patent misuse or fraud Defendants are] referring to." *JP Morgan Chase Bank*, 2023 WL 1456782, at *9. "As it stands, [these are] merely [] legal conclusion[s]" and "conclusory defenses should be stricken." *Id.* Indeed, while this Court need not recite all of Defendants' conclusory affirmative defenses listed above, the same can be said for Defendants' Twenty-Eighth and Twenty-Ninth Affirmative Defenses, which state respectively that "Plaintiff's claims are barred by laches," and "barred by unclean hands." (ECF No. 15 at 12.) In many cases, Defendants merely assert a singular statement: that Plaintiff's claims are barred by "the Statue of Frauds," "lack of consideration," "accord and satisfaction," "waiver and license," "duress," and "res judicata." (ECF No. 15 at 13.) Without more, in addition to being rote recitations, these types of statements are plainly conclusory, affording "no notice whatsoever to Plaintiff" making "it impossible for Plaintiff to adequately respond" and should be stricken. *See Innovative Sports, Mgmt., Inc. v. Neto*, 2013 WL 5935982, at *1–2 (D.N.J. 2013) (striking affirmative defenses wherein defendant asserted single words, including "laches," "license," "payment," and "release") ("[D]efenses that are nothing more than bare bones conclusory allegations can be stricken."); *Huertas v. U.S. Dep't of Educ.*, 2009 WL 2132429, at *2 (D.N.J. 2009) ("[D]efenses that are

13

nothing more than bare bones conclusory allegations can be stricken to avoid surprise and prejudice to the other party."). Lastly, Defendants' Twentieth Affirmative Defense, stating that "Plaintiff's claims for damages are barred . . . to the extent that Plaintiff failed to mitigate or minimize [any] alleged damages" is devoid of any additional facts necessary to identify what conduct supports this defense or what damages could have been mitigated. (*See* ECF No. 15 at 11.) It is simply a bare bones conclusory allegation. *See Modular Homes, Inc.*, 859 F. Supp. at 121 (quoting *Heller Financial, Inc.*, 883 F.2d at 12950); *see also Legacy v. Wells Fargo Bank*, 2016 WL 2622953, at *4 (S.D. Cal. 2016) (striking "failure to mitigate damages" affirmative defense where "[d]efendant fails to provide any factual basis or legal authority for this affirmative defense"); *G & G Closed Circuit Events, LLC v. Nguyen*, 2011 WL 6293922, at *2 (N.D. Cal. 2011) (striking affirmative defenses, including failure to mitigate damages, where defendant failed to identify what damages could have been mitigate by the plaintiff or how she "failed to do so"). Accordingly, this Court finds the "absence of any supporting or explanatory facts accompanying each [of the above listed] affirmative defense[s] affords no notice whatsoever to Plaintiff and makes it impossible for Plaintiff to adequately respond." *Innovative Sports, Mgmt.*, 2013 WL 5935982, at *2. These affirmative defenses, enumerated above, are simply bare bones conclusory allegations and are stricken. *See Modular Homes, Inc.*, 859 F. Supp. at 121 (quoting *Heller Financial, Inc.*, 883 F.2d at 1295).

Lastly, this Court finds that Defendants' third, fourth, fifth, seventh, eighth, fifteenth, seventeenth, eighteenth, nineteenth, twentieth, twenty-third, twenty-fourth, twenty-fifth, twenty-eighth, twenty-nineth, thirtieth, thirty-second, thirty-third, thirty-fourth, thirty-fifth, thirty-sixth, thirty-seventh, and thirty-eighth affirmative defenses, as they currently stand, pose to Plaintiff "substantial prejudice by having to expend additional time, energy, and money on irrelevant and

extensive discovery necessary to research each insufficient and improper affirmative defense." *Innovative Sports, Mgmt.*, 2013 WL 5935982, at *2. Allowing the details of Defendants affirmative defenses, as they currently stand, to be sorted out during discovery "would ultimately result in extensive guesswork as to the nature and scope of each defense as well as unnecessary expenditures and motions." *Id.*

Accordingly, this Court strikes Defendants' third, fourth, fifth, seventh, eighth, fifteenth, seventeenth, eighteenth, nineteenth, twenty-third, twenty-fourth, twenty-fifth, twenty-eighth, twenty-ninth, thirtieth, thirty-second, thirty-third, thirty-fourth, thirty-fifth, thirty-sixth, thirty-seventh, and thirty-eighth affirmative defenses, finding them as rote recitations, conclusory, and prejudicial to Plaintiff. Given, however, that there has been minimal indication that amendment would be futile, Defendants "may be able to provide fair notice simply by alluding to specific facts in the case." *Vazquez*, 2016 WL 6090725, at *3; *see also Mifflinburg Tel.*, 80 F. Supp. 3d at 574 (granting leave to amend where there has been little indication that amendment would be futile). Federal Rule of Civil Procedure 15, furthermore, encourages courts to "freely give leave" to amend stricken affirmative defenses "when justice so requires." Fed. R. Civ. P. 15(a)(2). Indeed, courts have routinely dismissed without prejudice and have granted leave to amend "bare bone" defenses and other defenses where there is "little indication that amendment is futile." *Vazquez*, 2016 WL 6090725, at *3 (quoting *Dann v. Lincoln Nat. Corp.*, 274 F.R.D. 139, 147 (E.D. Pa. 2011)); *see also Mifflinburg Tel.*, 80 F. Supp. 3d at 574. As such, the above affirmative defenses are dismissed without prejudice. Defendants are granted leave to amend the pleading under Federal Rule of Civil Procedure 15, consistent with this opinion. *See* Fed. R. Civ. P. 15(a)(2). Defendants are encouraged to avoid prophylactic pleading and take notice of those defenses not recognized to patent infringement, those that fail as a matter of law, or those that are simply irrelevant.

As to Defendants' remaining affirmative defenses—sixth, twelfth, thirteenth, twenty-second, fortieth, and incorporation defense—this Court addresses each in turn.

Regarding Defendants' Sixth Affirmative Defense, that "Plaintiff is estopped from asserting the Patent-in-Suit against Defendants" given the absence of a "well-founded, good-faith belief that the conduct of Defendants . . . infringed [on] the [']008 Patent" (*see* ECF No. 15 at 9), this Court finds Defendants have failed to plead the necessary "particularity" required by Federal Rule of Civil Procedure 9(b). *See Sonos, Inc. v. D&M Holdings Inc.*, 2016 WL 4249493, at *5 (D. Del. 2016) (concluding that "an element of estoppel is fraud or misrepresentation, which requires the defense to be pled with particularity under [Federal Rule of Civil Procedure] 9(b)" and striking the affirmative defense wherein defendants' "conclusory allegations provide[d] no basis for any misleading conduct"). Accordingly, because Defendants have provided no additional facts beyond the above conclusory allegations, Defendants' Sixth Affirmative Defense is dismissed. Because, however, there has been minimal indication that amendment would be futile and Defendants "may be able to provide fair notice simply by alluding to specific facts in the case," this affirmative defense is **DISMISSED without prejudice**, and Defendants are granted leave to amend. *See Vazquez*, 2016 WL 6090725, at *3; *see also Mifflinburg Tel.*, 80 F. Supp. 3d at 574 (granting leave to amend where there has been little indication that amendment would be futile).

Regarding Defendants' Twelfth Affirmative Defense, that "venue in this judicial district is improper" (ECF No. 15 at 10), this Court finds its insufficiency "clearly apparent" and meritless. *See Fesnak & Assocs., LLP v. U.S. Bank Nat'l Ass'n*, 722 F. Supp. 2d 496, 502 (D. Del. 2010) (striking an affirmative defense when its insufficiency is clearly apparent) (quoting *Cipollone v. Liggett Grp., Inc.*, 789 F.2d 181, 188 (3d Cir. 1986)). Indeed, Defendants admit in their Answer

and Counterclaim that venue is proper. (ECF No. 15 at 16 ("Venue is proper in this judicial district . . . .").) Accordingly, Defendants' Twelfth Affirmative Defense is dismissed with prejudice.

Likewise, regarding Defendants' Thirteenth Affirmative Defense, that "Plaintiff has failed to show that each Defendant possesses (1) a physical place of business in the district; (2) that is regular and established; and (3) belongs to each Defendant" (ECF No. 15 at 10), this Court finds its insufficiency "clearly apparent" and meritless. *See Fesnak & Assocs., LLP*, 722 F. Supp. 2d at 502 (striking an affirmative defense when its insufficiency is clearly apparent) (quoting *Cipollone*, 789 F.2d at 188)). Defendants admit in their Answer and Counterclaims that both Defendants reside in this district. (*See* ECF No. 15 at 14–15 (admitting that Defendant Best Deals is organized under the laws of the State of New Jersey, having its principal place of business in New Jersey, and admitting that Defendant Ahmad Kayali resides in New Jersey).) Accordingly, Defendants' Thirteenth Affirmative Defense is **DISMISSED with prejudice**.

Regarding Defendants' Twenty-Second Affirmative Defense, this Court finds the affirmative defense is pled in such a manner so as to "deprive [P]laintiff of fair notice and a reasonable opportunity to respond to [the] affirmative defense." *Robinson v. Johnson*, 318 F.3d 128, 136 (3d Cir. 2002). While this Court need not repeat the incompressible, vague, and factually devoid paragraph in detail (*see* ECF No. 15 at 12), it is "clearly apparent" that the affirmative defense is meritless. *See Fesnak & Assocs., LLP*, 722 F. Supp. 2d at 502 (striking an affirmative defense when its insufficiency is clearly apparent) (quoting *Cipollone*, 789 F.2d at 188)). Accordingly, Defendants' Twenty-Second Affirmative Defense is **DISMISSED with prejudice**.

Regarding Defendants' Fortieth Defense and Incorporation of all Other Affirmative Defenses, this Court finds the insufficiency of both "clearly apparent" and meritless. *See Fesnak & Assocs., LLP*, 722 F. Supp. 2d at 502 (striking an affirmative defense when its insufficiency is

17

clearly apparent) (quoting *Cipollone*, 789 F.2d at 188). The insufficiency of Defendants' Fortieth Affirmative Defense, or "reservation of rights," is well established. *See Miholich v. Senior Life Ins. Co.*, 2022 WL 1505865, at *8 (S.D. Cal. 2022) (finding a "reservation of defenses" improper "to the extent that it relieves [d]efendant of its future obligations to comply with the Federal Rules of Civil Procedure in amending pleadings and asserting new affirmative defenses [and] the reservation of rights is superfluous and immaterial"); *Sinclair*, 2015 WL 6125260, at *4 (finding that defendant's attempt to reserve the right to assert further defenses grossly indeterminate, failing to "alert [plaintiff] to the nature of the defenses they should anticipate"); *F.D.I.C. v. Mahajan*, 923 F. Supp. 2d 1133, 1141 (N.D. Ill. 2013) (finding reservation of rights to assert affirmative defenses improper under Federal Rule of Civil Procedure 8, and noting that defendant may seek leave to amend his answer in future if necessary); *see also Armstrong v. Zickefoose*, 2010 WL 4810654, at *7 n.12 (D.N.J. 2010) (finding a "reservation of rights" to amend without effect and noting that "Rule 15 of the Federal Rules of Civil Procedure governs amendment of civil pleadings"). As to Defendants' "Incorporation" Affirmative Defense, this Court finds, in addition to its apparent insufficiency, that it cannot provide fair notice of the nature of the defenses being asserted. *See Robinson v. Johnson*, 313 F.3d 128, 136 (3d Cir. 2002) (finding in part that defendants had deprived plaintiff of fair notice). Defendants simply incorporate "all other affirmative defenses and prior affirmative defenses previously asserted" without any additional specificity. *See* (ECF No. 15 at 14). The insufficiency of this affirmative defense is clearly apparent and lacks any degree of fair notice, which might have, if properly pled, have afforded Plaintiff a reasonable opportunity to demonstrate why the defenses should not succeed. *See Robinson*, 313 F.3d at 136. Accordingly,

18

Defendants' Fortieth and Incorporation of all Other Affirmative Defenses are **DISMISSED with prejudice**.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Dismiss and Motion to Strike (ECF No. 17) is **GRANTED.** Counterclaim III is **DISMISSED without prejudice**. Defendants' Twelfth, Thirteenth, Twenty-Second, Fortieth and Incorporation of all Other Affirmative Defenses are **DISMISSED with prejudice**. The remaining affirmative defenses are **DISMISSED without prejudice**, and Defendants are granted leave to amend them. An appropriate order follows.

*/s/Brian R. Martinotti*
**BRIAN R. MARTINOTTI**
UNITED STATES DISTRICT JUDGE

Dated: April 25, 2023